UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REECE BORDELON                                                          CIVIL ACTION

VERSUS

EXXON MOBIL CORPORATION, ET AL.            NO. 24-00242-BAJ-SDJ

### RULING AND ORDER

This is a personal injury case. Now before the Court is Defendants Worley Field Services, Inc., Worley Group, Inc., Worley Industrial Services, Inc.,[1] and Worley Solutions, LLC's **Motion For More Definite Statement Pursuant To Federal Rule Of Civil Procedure 12(e) (Doc. 7)**; Defendants BrandSafway Industries, LLC, BrandSafway Services, LLC, BrandSafway Solutions, LLC, BrandSafway, LLC, and Safway Group Holding, LLC's **Motion To Dismiss Or, Alternatively, For A More Definite Statement (Doc. 8)**; Defendant Exxon Mobil Corporation's **Motion To Dismiss Or, Alternatively, For A More Definite Statement (Doc. 11)**; and Defendants Structural Group, Inc., Structural Holdings, LLC, Structural Preservation Systems, LLC, Structural Technologies Holdings, LLC, Structural Technologies Solutions, LLC, Structural Technologies Strongpoint, LLC, Structural Technologies, LLC, and Structural Topcor, LLC's **Rule 12(b)(6) Motion To Dismiss And Rule 12(e) Motion For A More Definite Statement (Doc. 14) (collectively, the "Motions")**. For the reasons that follow, these Motions will be granted in part.

---

[1] Due to an apparent orthographical error, Defendant Worley Industrial Services, Inc.'s name on the docket sheet is spelled incorrectly.

## I. RELEVANT BACKGROUND

Plaintiff's allegations are brief, and the Court recites them here in relevant part:

In February 2023, Plaintiff, an employee of Wyatt Field Service Company, LLC, was working as a boilermaker at Exxon Mobil's Refinery in Baton Rouge, Louisiana. (Doc. 1-2 at 2). The Exxon Refinery "was owned, operated, managed, or otherwise possessed by Defendants herein." (*Id.*). Furthermore:

> While working as a boilermaker, [P]laintiff was severely injured when the strongback being used to lift a suspended load failed causing the load to fall and crush plaintiff's left thumb, hand, and wrist. More specifically, plaintiff was participating in replacing the coker drums at the Exxon Baton Rouge refinery. A monorail hydraulic track system had to be utilized in order to install new delta valves. However, because DEFENDANTS failed to follow proper procedure and work plans, the monorail system had to be placed on steel pedestals so that DEFENDANTS could access the concrete area beneath. As a result of the foregoing, a manual chain hoist in conjunction with defective and/or improperly designed and manufactured strongback had to be utilized to lift the and lower the load into place. In the process, the strongback failed causing the load to fall and crush plaintiff's thumb, hand, and wrist.

(*Id.* at 2–3).

## II. PROCEDURAL HISTORY

In February 2024, Plaintiff filed a Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, naming twenty Defendants. (Doc. 1 at 2).

Plaintiff alleges that all Defendants were negligent in fifteen different ways, including, among many others, for "failure to properly inspect and maintain equipment," "failure to ensure safety systems were adequate and functional," "failure

2

to follow corporate, federal, state, and/or industry policies and procedures, and guidelines for safe operating," and "[v]iolating OSHA and other applicable standards relating to safety and operations." (Doc. 1-2 at 3). Plaintiff also brings claims under the Louisiana Products Liability Act, La. R.S. § 9:2800.51, *et seq.*, for defective design of the strongback because "the foreseeable risk of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect," and for failure to instruct or warn. (*Id.* at 4).

Defendants removed Plaintiff's lawsuit to this Court pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).

Then, eighteen[2] Defendants filed motions variously seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim or seeking a more definite statement under Rule 12(e). (Docs. 7, 8, 11, 14). The Motions are opposed. (Docs. 17, 19).

### III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[2] Two Defendants do not join in the Motions. One, Defendant Safesource, LLC, allegedly "merged" with another Defendant in October 2022, and "therefore was not in existence at the time of the accident." (Doc. 1 at 5). The other, Brandsafway LDAR, LLC, maintains that it was improperly joined because it performed no work at the refinery where the alleged accident occurred. (*See id.* at 7).

3

*Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal citations omitted).

"If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see Jones v. Gee*, No. CV 18-5977, 2020 WL 564956, at *8 (E.D. La. Feb. 5, 2020) ("When evaluating a motion for a more definite statement, courts must look to Federal Rule of Civil Procedure 8 for the minimal pleading requirements when analyzing the complaint."). A Rule 12(e) motion requires a court to determine whether the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more

4

definite statement is not warranted." *Lehman Bros. Holdings v. Cornerstone Mortg. Co.*, No. CIV.A. H-09-0672, 2009 WL 1504977, at *1 (S.D. Tex. May 28, 2009) (collecting authorities). "[P]arties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Accresa Health LLC v. Hint Health Inc.*, No. 4:18CV536, 2018 WL 6626551, at *3 (E.D. Tex. Nov. 28, 2018) (quotation omitted). "A complaint that contains a 'bare bones' allegation that a wrong occurred and that does not plead any of the facts giving rise to the injury does not provide adequate notice." *Matthews v. Soc. Sec. of Louisiana*, No. CIV.A.01-2267, 2002 WL 1022267, at *2 (E.D. La. May 20, 2002) (citing *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)).

## IV. DISCUSSION

Although eighteen Defendants filed three different motions challenging Plaintiff's Petition, the arguments in the motions are the same: the Petition falls short. The Court agrees.

Plaintiff's allegations, restated almost entirely above, fail to plausibly allege that the Defendants are liable under either Louisiana negligence or product liability because the allegations fail to connect the Defendants in any non-conclusory way to the alleged harm. Indeed, the only statement purportedly tying Defendants to the incident described is that the Exxon Refinery was "owned, operated, managed, or otherwise possessed" by Defendants. (Doc. 1-2 at 2). This will not suffice.

In the primary case Plaintiff relies on in his oppositions to the Motions, *Parkman v. W&T Offshore, Inc.*, No. CV 20-883, 2021 WL 3475552 (M.D. La. August

5

6, 2021), the Court denied similar challenges to a similar personal injury complaint that described an accident on an offshore drilling rig. *Id.* at *3–4. In that decision, the Court acknowledged that "some of the allegations could be more specific as to the role and conduct of each defendant." *Id.* at 4. But there, the plaintiff had at least alleged that all of the six defendants "held a safety meeting to determine how to resolve an issue with equipment" prior to the accident. *Id.* at *1. Here, there is no similar allegation that connects the *eighteen* Defendants to the accident, beyond the broad statement that they operate at the refinery—an enormous facility.

In sum, Plaintiff has not plausibly alleged with sufficient specificity that Defendants are responsible for the harms stated in the Petition. To be sure, "given that the details of the roles and actions of the various parties are in the possession of the defendants, the information which would allow such specificity is largely limited to that which can be obtained in discovery." *Id.* at *4. That being said, however, Plaintiff must amend his Petition to allege, to the extent possible, which Defendants held what role with respect to the accident; which Defendants are responsible for which harms; which "corporate, federal, state, and/or industry policies and procedures, and guidelines for safe operating" Defendants have allegedly violated, (Doc. 1-2 at 3); what "OSHA and other applicable standards relating to safety and operations" Defendants have allegedly violated, (*id.*); which Defendant or Defendants designed, manufactured, and supplied the strongback; in what way the strongback was defective; and what "proper procedure and work plans" Defendants failed to follow, (*id.* at 2). Where the information required to even make allegations in the first

place will only be learned through discovery, Plaintiff may indicate as such or plead on information and belief, where appropriate.

In the Court's opinion, Plaintiff has alleged enough to state a claim that *someone* is liable in *some* way for his accident, but his Petition fails to plausibly allege who that someone would be. In other respects, as explained above, Plaintiff has also failed to allege in what ways each specific Defendant is liable for his injury.

For these reasons, the Motions will be granted to the extent they argue Plaintiff has failed to state a claim for negligence and product liability. Plaintiff will be given time to amend his Petition to remedy the issues raised in this Ruling and Order.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motions pending at Docs. 7, 8, 11, and 14 be and are hereby **GRANTED IN PART**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE** to file, within 21 days of this Ruling and Order, an amended petition, addressing the deficiencies identified by the Court.

**IT IS FURTHER ORDERED** that the Motion for Leave to File Supplemental Opposition (Doc. 22), Motion for Leave to File Motion and Incorporated Memorandum in Support of Leave to File Reply Memorandum in Support of Motion for a More Definite Statement (Doc. 23), Motion and Incorporated Memorandum in Support of

Leave to File Second Supplemental Opposition to Defendants' Motions to Dismiss/for a More Definite Statement (Doc. 29), and Motion to Substitute (Doc. 31) be and are hereby **DENIED AS MOOT**.[3]

**IT IS FURTHER ORDERED** that Defendant Brandsafway, LLC's Motion for Summary Judgment on Behalf of BrandSafway LDAR LLC (Doc. 28) be and is hereby **DENIED WITHOUT PREJUDICE** pursuant to the Court's inherent power "to protect its . . . judgments and to control its docket," *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011). Defendant Brandsafway, LLC may refile its motion if necessary following Plaintiff's filing of an amended petition.

Baton Rouge, Louisiana, this 19th day of November, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[3] Ordinarily, supplemental responses, or sur-replies, are "heavily disfavored," and the decision to allow a sur-reply lies within the district court's discretion. *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (quotation omitted).